UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20666-CR-LENARD/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFREDO ARIAS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS INDICTMENT
AND ORDER ON MOTION FOR SPECIFICATION OF AND
HEARING ON ADMISSIBILITY OF RULE 404(b) EVIDENCE**

This matter comes before the Court on Orders of Reference for Defendant's Motion to Dismiss Indictment [D.E. 10] and Motion for Specification of and Hearing on Admissibility of Rule 404(b) Evidence [D.E. 11]. A hearing was held on December 22, 2006, on all pending motions. The Court has reviewed all papers filed by the parties in connection with these motions and has heard argument of counsel. The motions are now ripe for disposition.

    **A.** *Defendant's Motion to Dismiss Indictment*

Defendant requests that the Court dismiss the indictment because it does not specify the following two essential elements of the crime: 1) what is Defendant's prior conviction and 2) what firearm did he use. Defendant argues that the lack of specificity allows the Government to prove facts at trial that differ from those on which the grand jury indicted. Defendant relies primarily on a case involving different facts and different

charges, *United States v. Chandler*, 376 F.3d 1303 (11th Cir. 2004) ("an ill-defined charge [] leaves the 'prosecution free to roam at large - to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal.").

The Government responds by highlighting the fact the Defendant concedes that the indictment in this case correctly tracks the language of the statute, 18 U.S.C. § 922(g)(1). *Hamling v. United States*, 418 U.S. 87 (1974), held that an indictment that tracks the statutory language defining the offense is ordinarily sufficient. The Government also notes that other courts of appeals have rejected sufficiency challenges to indictments alleging violations of 18 U.S.C. § 922(g)(1) that were similar to the § 922(g)(1) count charged here.

The Government's position rests on a far more solid foundation than does the Defendant's. In *United States v. Osborne*, 1999 WL 123588, *1 (4th Cir. March 9, 1999), the court held that an indictment alleging that the defendant

> having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly, intentionally, and unlawfully possess [a] firearm [in violation of 18 U.S.C. § 922(g)(1),]

"tracked the language of the relevant statute and sufficiently informed the defendant of the essential elements of the charges against him." *See also United States v. Rodgers*, 1995 WL 153134, *2 (5th Cir. March 23, 1995) (rejecting a sufficiency challenge to a felon-in-possession count that did not specify defendant's prior conviction or the firearm used).

Additionally, the Defendant ignores that the forfeiture count in the indictment specifically alleges the firearm involved in the offense. Paragraph 2 of the forfeiture count specifically seeks forfeiture of "one (1) Charter Arms, model undercover special, .38 caliber revolver, serial number 69625; and . . . five (5) rounds of Federal .38 caliber ammunition"

in the event of a conviction under 18 U.S.C. § 922(g)(1). These were the firearm and ammunition seized from Defendant.

Significantly, neither the parties nor the Court have found any cases where defendants successfully claimed that the Government did not specifically allege the defendants' prior convictions. Indeed, the Government found a case where the defendant argued that the nature of the conviction should be stricken from the indictment as "surplusage." *See United States v. Mayhew*, 337 F.Supp.2d 1048, 1057-58 (S.D. Ohio 2004) (holding that the nature of the defendant's conviction is irrelevant to prove an offense under 18 U.S.C. § 922(g)(1) and granting defendant's motion to strike explanation of conviction contained in indictment as "surplusage").

In short, the Defendant's motion should be denied. Defendant's previous conviction and the firearm used did not have to be identified in the indictment. The indictment alleged that Defendant "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate commerce . . . ." Normally, "the language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *United States v. Gordon*, 780 F.2d 1165, 1171 (5th Cir. 1986). Violations of § 922(g)(1) require that a convicted felon knowingly possess a firearm and that his possession was in or affecting commerce. *E.g., United States v. Mayes*, No. 06-11650, 2006 WL 3826675, at *1 (11th Cir. December 29, 2006). We find that the indictment sufficiently alleged the prima facie elements of possession of a firearm by a convicted felon and informed Defendant of the particular offense charged.

### B. *Defendant's Motion on Admissibility of Rule 404(b) Evidence*

In Defendant's Motion for Specification of and Hearing on Admissibility of Rule 404(b) Evidence, Defendant requests that the Court order the Government to disclose any Rule 404(b) evidence it intends to use at trial and then hold a hearing on its admissibility. In its response to Defendant's motion, the Government states that it intends to introduce evidence regarding Defendant's threat to a confidential informant. The Government also intends to introduce evidence regarding Defendant's prior gun-related conviction in state court in 1994, which is evidenced in his NCIC report. Thus, to the extent the pending motion requested affirmative relief in the form of an order for additional disclosure, the motion is moot in that respect.

Additionally, as stipulated by the parties, what remains of the pending motion is being withdrawn without prejudice, as the Court is no longer being asked to rule on the admissibility of this evidence at this stage. Rather, the parties stipulated during the hearing held December 22nd that they would ask the trial judge to address any issues of admissibility of this evidence at trial.

### C. *Conclusion*

For the foregoing reasons, the Court will dispose of the foregoing motions as follows:

1. As a Report and Recommendation to the District Judge, the undersigned recommends that Defendant's Motion to Dismiss Indictment [D.E. 10] be **DENIED**.[1]

---

[1] Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from the date of this Report and Recommendation (i.e., January 31, 2007) to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. *See* S.D. Fla. Local Mag. Rule 4(b). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.

2.  As a pretrial ruling on a non-dispositive criminal motion, it is hereby Ordered and Adjudged that Defendant's Motion for Specification of and Hearing on Admissibility of Rule 404(b) Evidence [D.E. 11] is **DENIED AS MOOT**.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 17th day of January 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All counsel of record

---

*R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); 28 U.S.C. § 636(b)(1).